AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern  District of  New York

EDGE GROUP WAICCS LLC,

V.

THE SAPIR GROUP LLC.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 5158

JUDGE MARRERO

TO: (Name and address of Defendant)

The Sapir Group LLC
384 Fifth Avenue
New York, New York 10018

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Steven R. Paradise
Michael V. Rella
Vinson & Elkins L.L.P.
666 Fifth Avenue, 26th Floor
New York, New York 10103

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON  JUN 0 4 2008
CLERK  DATE

(By) DEPUTY CLERK

◈AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |
| *Check one box below to indicate appropriate method of service* | |

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                      Date                                    *Signature of Server*

                                              _____
                                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDGE GROUP WAICCS LLC,

           *Plaintiff,*

- against -

THE SAPIR GROUP LLC,

           *Defendant.*
------------------------------------------------------------x

Civil Action No:

COMPLAINT

Plaintiff Edge Group WAICCS LLC ("Edge Group" or "Plaintiff") files its Complaint against Defendant The Sapir Group LLC ("Sapir" or "Defendant") and respectfully shows the Court the following:

## NATURE OF THE ACTION

1. This is an action for breach of contract based on Sapir's failure to purchase Edge Group's interest in WAICCS Las Vegas 2 LLC pursuant to the terms of a call option agreement. Sapir, after exercising an option to purchase Edge Group's interest, failed to consummate the transaction and breached its obligations under the call option agreement and amendments.

## THE PARTIES

2. Plaintiff Edge Group is a limited liability company organized and existing under and by the laws of the State of Nevada, with its principal place of business located at 3960 Howard Hughes Parkway, Suite 650, Las Vegas, Nevada 89169.

3. Defendant Sapir is a limited liability company organized and existing under and by the laws of the State of Delaware, with its principal place of business located in New York. Sapir can be served with process at 384 Fifth Avenue, New York, New York 10018; and through its registered agent, National Corporate Research, Ltd., 615 South Dupont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the lawsuit is between parties of diverse citizenship and the amount in controversy exceeds $75,000. Venue is proper pursuant to 28 U.S.C. § 1391(a) because Sapir resides in this District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this District. Additionally, in the relevant agreement, Plaintiff and Defendant consented to this Court's jurisdiction and consented to venue in the City of New York, Borough of Manhattan.

## FACTUAL BACKGROUND

5.  Edge Group and Credit Suisse Management LLC ("Credit Suisse") are the sole members of WAICCS Las Vegas 2 LLC ("WAICCS 2" or the "Company"), a Delaware limited liability company. Edge Group and Credit Suisse each own a fifty-percent interest in the Company.

6.  WAICCS 2 is the sole member of WAICCS Las Vegas 3 LLC ("WAICCS 3"), a Delaware limited liability company that holds a 20.4-percent undivided interest, as a tenant-in-common, of a parcel of land in Las Vegas, Nevada.

### A.  *The Call Option Agreement*

7.  On November 5, 2007, Edge Group and Credit Suisse executed a Call Option Agreement (the "Call Option Agreement"), pursuant to which Edge Group granted Credit Suisse an option (the "Option") to purchase all of Edge Group's right, title and interest in WAICCS 2 (the "Edge Interest").

8.  Pursuant to the Call Option Agreement, Credit Suisse could exercise the Option at any time during the Call Exercise Period, defined in the Agreement as the sixty-day period commencing on November 5, 2007 and expiring at 5:00 p.m. on January 4, 2008 ("Call Exercise Period").

9. In order to exercise the Option, Credit Suisse was obligated to deliver a "Call Exercise Notice" to Edge Group during the Call Exercise Period. The delivery of the Call Exercise Notice would convert the Option into a valid, binding, and enforceable bilateral contract for the sale and purchase of the Edge Interest, which required Edge Group and Credit Suisse to close the transaction no later than thirty days after the delivery to Edge Group of the Call Exercise Notice. If Credit Suisse exercised the Option, it was, among other things, obligated to deliver to Edge Group the Purchase Price, which includes $20,000,000.00 plus the amount of any funds that Edge Group contributed to WAICCS 2 prior to the closing (collectively, the "Purchase Price").

10. Under Section 3.08 of the Call Option Agreement, Credit Suisse was permitted to assign its Option to acquire Edge Group's interest in WAICCS 2, subject to certain terms and conditions.

### B. *The First Amendment*

11. Edge Group and Credit Suisse executed the Amendment of Option Agreement on December 17, 2007 (the "First Amendment"). The First Amendment extended the Call Exercise Period by changing the expiration date of the Call Option Agreement to February 15, 2008.

### C. *The Second Amendment and Assignment to Sapir*

12. On February 15, 2008, Edge Group and Credit Suisse executed the Letter Amendment to Option Agreement (the "Second Amendment"). The Second Amendment further extended the Call Exercise Period by changing the expiration date of the Call Option Agreement to May 1, 2008.

13. Additionally, on February 15, 2008, Credit Suisse assigned its Option to Defendant Sapir (the "Assignment"), as contemplated by Section 3.08 of the Call Option

Agreement. Sapir, through the Assignment, assumed all of Credit Suisse's rights and obligations under the Call Option Agreement and its Amendments.

14.     The Second Amendment required Sapir, in consideration for the extension of the Call Exercise Period to May 1, 2008 and as a deposit toward the Purchase Price, to deposit $1,000,000 in escrow (the "Escrow Fund"). In addition to the Second Amendment, Edge Group and Sapir entered into a separate Escrow Agreement dated February 15, 2008 (the "Escrow Agreement"). The Second Amendment provides that the Escrow Fund would be credited toward the Purchase Price at the closing of the sale of the Edge Interest to Sapir, or would be released to Edge Group if Sapir either: (1) failed to exercise the Option within the Call Exercise Period, or (2) exercised the Option within the Call Exercise Period but failed to close its purchase of the Edge Interest. The rights and remedies granted to Edge Group under the Second Amendment are "cumulative to, and *not exclusive of*, any rights or remedies otherwise available." Thus, the Second Amendment did not in any way restrict or limit Edge Group's remedies if Sapir breached the agreement.

### D.     *Sapir's Breach*

15.     On May 1, 2008, during the Call Exercise Period, Sapir exercised the Option in compliance with Section 2.04 of the Call Option Agreement, by delivering the Call Exercise Notice to Edge Group. (*See* Call Exercise Notice, dated as of May 1, 2008, attached hereto as Exhibit A.) The Call Exercise Notice was executed by both Sapir and Edge Group. (*See id.*)

16.     Under Section 2.05 of the Call Option Agreement, Edge Group and Sapir were obligated to close the purchase and sale of the Edge Interest no later than thirty days after the delivery of the Call Exercise Notice. In the Call Exercise Notice, Sapir set the closing date for May 30, 2008. (Ex. A ¶ 4.)

17. On May 22, 2008, in preparation for the closing and pursuant to Section 2.05(b)(ii) of the Call Option Agreement, Edge Group provided to Sapir wiring instructions for delivery of the Purchase Price. Moreover, on May 30, 2008, to facilitate the closing and funding, Edge Group delivered to Sapir's counsel, by hand, the closing documents, including the Agreement of Assignment of Member Interest, assigning Edge Group's interest in WAICCS 2 to Sapir.

18. Under the Call Option Agreement and Amendments, Sapir was required to consummate the purchase of the Edge Interest. Sapir, however, wrongfully refused to close and refused to deliver the Purchase Price to Edge Group pursuant to the Call Option Agreement.

## CAUSES OF ACTION

### Breach of Contract

19. Edge Group incorporates by reference the allegations set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. Pursuant to the Assignment, Sapir "assume[d] . . . all of [Credit Suisse's] rights, title and interest in, to and under the Option Agreement and all obligations of [Credit Suisse] thereunder." The Call Option Agreement, as amended, therefore, is a valid, binding, and enforceable contract between Edge Group and Sapir. Upon exercising the Option by giving the Call Exercise Notice, Sapir converted the Option into a valid, binding, and enforceable bilateral contract with Edge Group to purchase its interest in WAICCS 2.

21. Sapir has breached its obligations under the Call Option Agreement and the First and Second Amendments by, among other things, failing to close and failing to deliver to Edge Group the Purchase Price in exchange for the Edge Interest. Sapir breached various provisions in the Call Option Agreement and its Amendments including, among others, Sections 2.05 and 3.02.

22. Edge Group has fully performed all of its obligations under the Call Option Agreement, as amended. All conditions precedent, if any, required of Edge Group have been performed, have occurred, are excused, or have been waived.

23. As a result of Defendant's breach, Edge Group has suffered damages in excess of this Court's jurisdictional limits. Edge Group is entitled to specific performance of Defendant's obligations under the Call Option Agreement, as amended. Additionally or alternatively, Edge Group is entitled to recover all of its actual damages. In addition, the $1,000,000 Escrow Fund should be released to Edge Group. Furthermore, as a result of Sapir's breach, Edge Group had to employ attorneys to prosecute this action. Edge Group is entitled to recover its attorneys' fees, costs and expenses as a result of commencing and prosecuting this action, pre- and post-judgment interest, and all other damages to which it may be entitled under the law and equity.

## PRAYER FOR JUDGMENT AND RELIEF

**WHEREFORE**, Edge Group WAICCS LLC respectfully requests that the Court enter a judgment in its favor and award the following relief to it:

- Specific performance of Defendant's obligations under the Call Option Agreement, as amended;

- All sums due and owing under the Call Option Agreement, as amended, and actual damages resulting from Defendant's breach of the Call Option Agreement, as amended;

- An award of pre-judgment interest at the maximum rate allowable by law;

- All costs, expenses, disbursements and attorneys' fees incurred in the commencement and prosecution of this action; and

- Such other and further legal or equitable relief as the Court deems just and proper.

Dated: June 4, 2008

Respectfully submitted,

VINSON & ELKINS L.L.P.

Steven Paradise
Michael V. Rella
666 Fifth Avenue, 26th Floor
New York, New York 10103
Tel: (212) 237-0000
Fax: (212) 237-0100

Michael L. Raiff
Katie K. Burrus
VINSON & ELKINS L.L.P.
Trammel Crow Center
2001 Ross Avenue, Suit 3700
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 999-7700

***Attorneys for Plaintiff Edge Group WAICCS LLC***

Exhibit A

<div style="text-align:center">
THE SAPIR GROUP LLC<br>
384 Fifth Avenue<br>
New York, NY 10018
</div>

May 1, 2008

Edge Group WAICCS LLC
3960 Howard Hughes Parkway, Suite 650
Las Vegas, Nevada 89109
Telecopy: (702) 731-5611
Attention: Reagan Silber

and:

Edge Group LLC
200 Crescent Court, Suite 1310
Dallas, Texas 75201
Telecopy: (214) 370-3201
Attention: Mark Anderson

**Re: Call Exercise Notice**

Gentlemen:

    All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Call Option Agreement, dated as of November 5, 2007 (as amended, the "Option Agreement"), between Credit Suisse Management LLC ("Credit Suisse") and Edge Group WAICCS LLC ("Edge Group").

    1.    Pursuant to that certain Assignment of Call Option Agreement, dated as of February 15, 2008 (the "Assignment Agreement"), by and between Credit Suisse and The Sapir Group LLC ("Sapir"), Credit Suisse assigned its interest in the Option Agreement and all of its rights contained therein to Sapir, and Sapir assumed Credit Suisse's interest in the Option Agreement and all of Credit Suisse's obligations contained therein.

    2.    Pursuant to Section 2.04 of the Option Agreement, we may exercise the Call Option at any time prior to 5:00 pm, New York time, on May 1, 2008 (the "Call Exercise Period").

    3.    Pursuant to Section 2.05 of the Option Agreement, we hereby deliver this Call Exercise Notice to exercise the Call Option at this time.

4. Upon the terms and subject to the conditions of the closing of the Call Option (as set forth in Section 2.05 of the Option Agreement), the transfer and assignment of the Edge Interest to Sapir and the payment of the Purchase Price by Sapir shall be held at the offices of Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166 on May 30, 2008 or on such other date agreed to in writing by Sapir and the Edge Group within thirty (30) days after the date hereof.

[Remainder of Page Intentionally Left Blank]

2

Please acknowledge your agreement with the provisions of this notice by executing this notice in the space provided below.

THE SAPIR GROUP LLC

By: _____
Name:
Title:

Accepted and Agreed:

EDGE GROUP WAICCS LLC,
a Nevada limited liability company

    By: Edge Group LLC, a Nevada limited liability company,
    sole member

    By: _____
    Name:
    Title:

cc:  Robert J. Ivanhoe, Esq.
     Paul Martin, Esq.

[SIGNATURE PAGE TO CALL EXERCISE NOTICE LETTER]

Please acknowledge your agreement with the provisions of this notice by executing this notice in the space provided below.



THE SAPIR GROUP LLC

By: _____
Name:
Title:

Accepted and Agreed:

EDGE GROUP WAICCS LLC,
a Nevada limited liability company

By: Edge Group LLC, a Nevada limited liability company,
sole member

By: _____
Name:
Title:

cc: Robert J. Ivanhoe, Esq.
    Paul Martin, Esq.

[SIGNATURE PAGE TO CALL EXERCISE NOTICE LETTER]

## Sargent, James

| | |
|---|---|
| **From:** | MorettiC@gtlaw.com |
| **Sent:** | Thursday, May 01, 2008 2:16 PM |
| **To:** | rsilber@edgegroup.com; MAnderson@EdgeGroup.com; Sargent, James; Young, Billy |
| **Cc:** | RIaltrelli@sapir.com; IVANHOER@gtlaw.com; GerasimovichK@gtlaw.com; AinJ@gtlaw.com |
| **Subject:** | Call Exercise Notice |
| **Importance:** | High |

**Attachments:** Call Exercise Notice.pdf

Gentleman,

As discussed with Jim Sargent and as contemplated by that certain Call Option Agreement, dated as of November 5, 2007, as amended, please find attached a call exercise notice pursuant to which the Sapir Group LLC is exercising the call option. The notice specifies that the closing shall take place on May 30, 2008. Please note we have also sent a copy of this call exercise notice to your attention via fax. We request that you please acknowledge receipt of the attached and fax a copy of the executed signature page as indicated in the attached.

Best regards,

Christian Moretti
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tel. (212) 801-9273
Fax. (212) 805-9283
morettic@gtlaw.com

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.